[ PHILADELPHIA, FEBRUARY 15TH, 1840. ]

# | HEMPHILL and Another *against* ECKFELDT.

## IN ERROR.

In an action in the District Court for the City and County of Philadelphia, the plaintiff claimed eighteen months rent of a lot of ground, from April 1st, 1835, to October 1st, 1836, and filed a copy of an agreement not under seal, signed by himself and the defendants, in which he *let* to the defendants the premises at an annual rent of $125, payable quarterly. The defendants filed an affidavit of defence, stating that in the month of December, 1836, they were evicted by a purchaser at a sheriff's sale of the premises under a judgment upon a mortgage given by the plaintiffs prior to the lease : that in the month of September, 1837, an action was brought against them by the same plaintiff to the use of B. T. (the purchaser at the sheriff's sale,) upon the same lease, and for rent of the same premises, said to be due to the 1st of October, 1837, in which action judgment was obtained for the sum of $126 15, which was afterwards satisfied, and that in consequence of said eviction and suit, they had sustained damage to the amount of $120 : *Held*, that this affidavit set forth a sufficient defence to entitle the defendants to go to a jury.

ERROR to the District Court for the City and County of Philadelphia.

Adam Eckfeldt brought an action on the case to the use of Charles Lukens, to December term, 1838, of that Court, against John Hemphill and Edgar H. Richards.

On the 1st of December, 1838, the following agreement was filed, as a " copy of the lease on which the action was brought."

" Mem. of agreement, made the 24th of March, 1835, between Adam Eckfeldt of the one part, and John Hemphill and E. H. Richards of the other part, all of the city of Philadelphia. The said Eckfeldt hereby rents or lets to the said Hemphill and Richards, or their representatives, for a term of three years, from and after the first of April next, the rear part of a certain forty-four feet wide lot, adjoining on the south side the ground of the aforesaid Hemp-

hill and Richards; commencing seventy feet west from Broad street and extending westwardly, one hundred and thirty feet, more or less. The said Hemphill and Richards shall, at their expense, repair the fencing, and make such filling up of that part of the lot they occupy, as they shall deem necessary; and also to erect at their expense a privy, for the use of the tenants in the brick buildings on the front of the aforesaid lot; and they may erect such sheds on the same as they may please, at their own expense, with right to remove the same whenever they may deem it expedient. It is further agreed, that whenever the said Eckfeldt, shall make a sale of the premises aforesaid, for actual improvement, he may terminate the lease by giving six months' previous notice; and in the event of a sale, Eckfeldt agrees to give the said Hemphill and Richards a first offer of the lot. The said Hemphill and Richards agree and contract to pay Adam Eckfeldt, or his legal representatives, an annual rent for the use of the aforesaid premises, at the rate of one hundred and twenty-five dollars, payable quarterly, and to commence on the first day of April next. In witness whereof, the parties have interchangeably set their hands, the day and year first written.

. John Hemphill,
Edgar H. Richards,
Adam Eckfeldt,"

" Amount claimed—

| | | |
|---|---|---|
| For rent due October 1st, 1836, | $187 | 50 |
| And interest to December 22nd, 1838, | 25 | 00 |
| | $212 | 50" |

On the 21st of December, the following affidavit of defence was filed.

" John Hemphill, one of the defendants in the above case, being duly sworn according to law, says, that the said defendants have, as he is advised and believes, a good and legal defence to the whole of the plaintiff's claim, the nature and character of which defence is as follows, viz.—That the said defendants were, in the month of December, a. d. 1836, evicted from the premises, for the rent of which this action has been instituted, by a certain Benjamin Tevis, claiming the said premises by a title adverse and paramount to that of the said plaintiff, derived under a sheriff's deed, acknowledged December 10th, 1836, on a sale made by virtue of an execution upon a mortgage executed anterior to the commencement of the lease upon which this action is founded. That in the term of September, a. d. 1837, an action was brought in this Court by the plaintiff against the said defendants, upon the same lease and contract on which this suit is founded; and for rent of the same premises said to be due on the first of October, a. d. 1837: in which action

so instituted as aforesaid, the said plaintiff recovered judgment for the amount of $126 15."

A rule was obtained to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

On the 11th of January, 1839, a supplemental affidavit of defence was filed as follows:

"John Hemphill, one of the defendants in the above action, being duly sworn says, that he has, as he is advised, a just and legal defence to the plaintiff's claim, the nature and character of which is as follows, viz:

That the said defendants were in the month of December, A. D. 1836, evicted from the premises for the rent of which this action has been instituted, by a certain Benjamin Tevis, claiming the said premises by a title adverse and paramount to that of the said Eckfeldt, derived under a sheriff's deed, acknowledged December 10th, 1836, on a sale made by virtue of an execution upon a mortgage executed prior to the commencement of the lease upon which this action is founded. That in the term of September, 1837, an action was brought in this Court by the said Eckfeldt to the use of the said Benjamin Tevis against the said defendants upon the same lease and contract on which this suit is founded, and for rent of the same premises said to be due on the 1st of October, 1837; in which action so instituted as aforesaid, the said Richards being absent from the city, and this defendant not being in full possession of the facts, the plaintiff obtained judgment for want of an affidavit of defence, for the sum of one hundred and twenty-six *dollars* fifteen cents as may appear by the following transcript from the appearance docket of the said term of September, 1837, of the entries in the said suit.

Price.  'Adam Eckfeldt to the use of Benjamin Tevis
859       *vs.*
Broom.  John Hemphill and Edgar H. Richards.

Summons, debt, $175; ex. October 4th; returnable 1st Monday in November. Served as to Hemphill; *nihil habet* as to Richards.
Nov. 6th, 1 ‥. Copy of instrument of writing filed.
Nov. 25th, 1837. On motion of Mr. Price, judgment for want of an affidavit of defence. Prothonotary to assess damages as to the defendant Hemphill.
Nov. 25th, 1837. Judgment.
Nov. 25th, 1837. Damages assessed at $126 15.
Satisfied July 23d, 1838. Eli K. Price for plaintiff.'

And this defendant says, that in consequence of the said eviction

and the said suit, the said defendants have sustained damage to the amount of $120."

On the 9th of February, 1839, the District Court gave judgment for want of a sufficient affidavit of defence; whereupon the defendants took a writ of error, and on the return of the record filed the following specifications.

" 1. Because the facts set forth in the affidavit of defence constituted in law a good defence to the plaintiff's demand.

2. Because the said Court decided that where several quarters of rent due upon one and the same contract of lease and for the same premises were in arrears and unpaid, a distinct suit could be maintained upon every quarter's rent so in arrears.

3. Because the said Court decided that each of the said quarter's rent so in arrears could be separately assigned, and the lessee thus subjected to several actions on the part of the several assignees.

4. Because the plaintiff below having brought an action for rent in arrear, due on the 1st of October, 1837, was precluded from bringing any action for rent in arrear, due at a period antecedent to the said 1st of October, 1837, for the same premises and on the same contract, whether to the use of the same or a different person, the same being presumed by law to have been paid."

Mr. *Chew,* for the plaintiff in error.—The eviction in December, 1836, is a complete answer to the present claim for rent; as it suspended or extinguished the rent. *Kessler* v. *M'Conachy,* (1 *Rawle,* 435.) In the former action the rent was recovered to October, 1837; and this ought to be a bar to the present suit. *Hess* v. *Heeble,* (6 *Serg. & Rawle,* 60.) *Ingraham* v. *Hall,* (11 *Serg. & Rawle,* 78.) *Smith* v. *Jones,* (15 *Johns.* 229.) *Furrington* v. *Payne,* (15 *Johns.* 432.) *Willard* v. *Sperry,* (16 *Johns.* 121.) *Phillips* v. *Berrich,* (16 *Johns.* 136.) The facts stated in the affidavit constitute a matter of equitable defence. *Steigleman* v. *Jeffries,* (1 *Serg. & Rawle,* 477.) *Shaw* v. *Badger,* (12 *Serg. & Rawle,* 276.), *Bayne* v. *Gaylord,* (3 *Watts,* 305.) Under the terms of this agreement, the defendant has the same rights as under an express covenant for quiet enjoyment. A contract to *let,* is equivalent to *demise,* and implies a warranty in Pennsylvania.

Mr. *Price,* contra.—This action was brought to recover rent from the 1st of April, 1835, to the 1st of October, 1836. The land was sold by the sheriff to Mr. Tevis, in December, 1836, who recovered one year's rent to October, 1837. The difficulty, which is only apparent, arises from the use of Mr. Eckfeldt's name in the first suit, which was unnecessary. The plaintiff's rights could not

be affected by this, because he had nothing to do with the suit. It has been held that where rent is reserved, payable monthly or quarterly, an action may be maintained for each month's or quarter's rent. The eviction in this case was subsequent to the period for which rent is claimed; besides, it was not an eviction by the lessor but by the purchaser at sheriff's sale. In *Kessler* v. *M'Conachy*, it was held, that the eviction by the landlord suspended the last month's rent and no more. The defendant here was bound to show affirmatively either payment or a former recovery; and he has not done either.

Mr *Broom*, in reply, referred to *Co. Litt.* 373. Phillips v. *Monges*, (4 *Wharton*, 228.)

The opinion of the Court was delivered by

GIBSON, C. J.—In *Spencer's case*, (5 *Coke*, 17 *a*,) it was resolved that the word *concessi* or *demisi*, implies a covenant, on which the lessee or his assignee may have an action for an eviction : " for," says Lord COKE, " the lessee hath the yearly profits of the land, which shall grow by his labour and industry, for the annual rent ; and therefore it is reasonable, when he hath applied his labour and employed his cost on the land, and be evicted, whereby he loses all, that he (the assignee) shall take such benefit of the demise and grant, as the first lessee might ; and the lessor hath no other prejudice than what his *especial contract* with the first lessee hath bound him to." Now, the word *let* in the lease before us, implying, according to Johnson's Dictionary, concession, and also a grant to a tenant, is the proper equivalent of the word *concessi*, or *demisi ;* the English word *demise*, though improperly used as a synonyme, strictly denoting a posthumous grant and no more ; and had the writing in this instance, been sealed, it would have equally implied a covenant against eviction by title, a violation of which, on the principle of *Fairman* v. *Fluck*, (5 *Watts*, 516,) might have been successfully urged in an action of covenant for the rent, as a failure of the consideration. And if that might be done in an action on a specialty, how much more readily may it be done in an action on a *contract resting* in parol? Such a case is distinctly within the principle of *Heck* v. *Shener*, (4 *Serg. & Rawle*, 249.) Here it appears in the affidavits which are at present incontrovertible, that the defendants had taken the premises in March, 1835, for a term of three years ; and that they were evicted in December, 1836, by title paramount to that of the lessor : consequently the eviction not only operated as a suspension, but afforded in its consequences, so far as the defendants were prejudiced by it, a defence to a demand for the rent that had already accrued. Whether they were actually evicted, or how far their business was broken up by it, may be a subject of future inquiry; but in that aspect the affidavits contain matters for a jury.

(Hemphill *v.* Eckfeldt.)

There is another aspect, however, in which the matter sworn to may possibly become a ground of defence. A recovery of rent subsequently due is stated to have been had in the plaintiff's name; and if the declaration, which however has not been made part of the affidavit, included the subject of the present action, it would preclude him, on the principle of *Hess* v. *Heeble*, from urging it a second time. Besides, it might be doubted whether the policy of the law would allow a landlord, under all circumstances, to split up the rent by equitable assignments of particular parts of it, and thus oppress the tenant with a multiplicity of actions. It will probably turn out, though it is no part of the affidavits—and we can look at nothing else—that the action was brought for the use of a purchaser at sheriff's sale of the reversion; and I will not say, that the transaction is not susceptible of explanation; though the purchaser's title to sue being a legal one, the action lies properly in his own name. But in any event, this recovery, standing unexplained as it must necessarily do in an affidavit of defence, appears to be *prima facie* evidence that the rent for the previous quarters had been paid; and, for the purpose of having the benefit of it, the defendants were entitled to go before a jury.

Judgment reversed and a *procedendo* awarded.